# 22-1678-pr

# United States Court of Appeals

*for the*

# Second Circuit

ANGEL DIAZ,

*Petitioner-Appellant,*

— v. —

WILLIAM F. KEYSER,

*Respondent-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR PETITIONER-APPELLANT

MICHAEL K. BACHRACH
LAW OFFICE OF MICHAEL K. BACHRACH
*Attorney for Petitioner-Appellant*
224 West 30th Street, Suite 302
New York, New York 10001
(212) 929-0592

CP COUNSEL PRESS    (800) 4-APPEAL • (329233)

# Table of Contents

Table of Authorities ................................................................................................ ii

Statement of Subject Matter and Appellate Jurisdiction ........................................1

Statement of Issues Present for Review...................................................................1

Statement of the Case...............................................................................................2

      A.     Preliminary Statement and Argument Summary ...................................2

      B.     Statement of Facts ................................................................................3

Standard of Review...................................................................................................8

Argument...................................................................................................................9

      TITLE 28, UNITED STATES CODE, SECTION 2254, MAY BE
RELIED UPON TO CHALLENGE UNCONSTITUTIONAL
CONDITIONS OF CONFINEMENT WHEN, AS HERE, SEEKING
THE REMEDY OF IMMEDIATE RELEASE RATHER THAN
REMUNERATION OR INJUNCTIVE RELIEF; THE DISTRICT
COURT ERRED BY HOLDING OTHERWISE ...........................................9

Conclusion ..............................................................................................................23

## Appendix

(contained in separate volume)

Docket Sheet ........................................................................................................A.1

Report and Recommendation, dated, February 17, 2022 ....................................A.8

Opinion and Order, dated, June 27, 2022 ..........................................................A.16

Judgment, dated, June 28, 2022 ........................................................................A.26

Pro Se Notice of Appeal, dated, July 27, 2022 (with included documents)........A.27

Certificate of Appealability, dated, December 1, 2023 ......................................A.63

# <u>Table of Authorities</u>

FEDERAL CASES

<u>Acevedo v. Capra</u>,
545 F.Supp.3d 107 (SDNY 2021) .......................................17, 18, 19

<u>Adams v. Bradshaw</u>,
644 F.3d 481 (6th Cir. 2011) ...........................................................21

<u>Amer v. Obama</u>,
742 F.3d 1023 (D.C. Cir. 2014)......................................................21

<u>Bell v. Wolfish</u>,
441 U.S. 520 (1979)........................................................................11

<u>Boudin v. Thomas</u>,
732 F.2d 1107 (2d Cir. 1984) .........................................................16

<u>Brown v. Artuz</u>,
283 F.3d 492 (2d Cir. 2002) ..............................................................8

<u>Carter v. Fields</u>,
Docket No. 19 Cv. 5364 (PKC),
2020 WL 5517241 (EDNY Sept. 14, 2020)................................15

<u>Clark v. Stinson</u>,
214 F.3d 315 (2d Cir. 2000) ..............................................................8

<u>Cook v. N.Y. State Div. of Parole</u>,
321 F.3d 274 (2d Cir. 2003) ....................................................15, 16

<u>Dep't of Homeland Sec. v. Thuraissigiam</u>,
140 S.Ct. 1959 (2020).....................................................................13

<u>Edwards v. Balisok</u>,
520 U.S. 641 (1997)........................................................................10

Elleby v. Smith,
Docket No. 20 Cv. 2935 (PAE),
2020 WL 2611921 (SDNY May 22, 2020) ...................................................14

Fielding v. LeFevre,
548 F.2d 1102 (2d Cir. 1977) .................................................................17, 18

Heck v. Humphrey,
512 U.S. 477 (1994)........................................................................10, 19, 21

Hill v. McDonough,
546 U.S. 573 (2006)....................................................................................13

Holloway v. Wolcott,
Docket No. 20 Cv. 6329 (FPG),
2020 WL 3172772, 2020 U.S. Dist. LEXIS 103983
(WDNY June 15, 2020)......................................................................14, 15, 16

Hope v. Warden York Cty. Prison,
972 F.3d 310 (3d Cir. 2020) .......................................................................13

Houston v. Lack,
487 U.S. 266 (1988)......................................................................................1

James v. Wallace,
382 F.Supp. 1177 (M.D.Ala. 1974).............................................................18

Llewellyn vv. Wolcott,
Docket No. 20 Cv. 498 (JLS),
2020 WL 2525770 (WDNY May 18, 2020) ...........................................15, 16

James v. Walsh,
308 F.3d 162 (2d Ci. 2002)..........................................................................16

Jiminian v. Nash,
245 F.3d 144 (2d Cir. 2001) ........................................................................16

Muhammad v. Close,
540 U.S. 749 (2004)....................................................................9, 10, 11, 13,
                                                                                            17, 20, 21

Preiser v. Rodriguez,
411 U.S. 475 (1973)...............................................................................*passim*

Simpson v. N.Y. State Dep't of Corr.,
Docket No. 20 Cv. 1363 (GLS) (TWD),
2020 U.S. Dist. LEXIS 216745 (NDNY Nov. 19, 2020).............................16

Slater v. Keyser,
Docket No. 20 Cv. 3012 (KPF),
2020 WL 4016759 (SDNY July 16, 2020)....................................................14

Thompson v. Choinski,
525 F.3d 205 (2d Cir. 2008) ........................................................................16

Tripathy v. Schneider,
473 F.Supp.3d 220 (WDNY 2020)...............................................................15

Wilkinson v. Dotson,
544 U.S. 74 (2005).......................................................................................13

Wilson v. Williams,
961 F.3d 829 (6th Cir. 2020) ............................................................14, 19, 21

STATE CASES

People ex rel. Brown v. New York State Div. of Parole,
70 N.Y.2d 391, 521 N.Y.S.2d 657 (NY 1987)................................................5

People ex rel. Carroll v. Keyser,
184 A.D.3d 189, 125 N.Y.S.3d 484 (3d Dept. 2020)..................................4, 5

People ex rel. Diaz v. Keyser,
193 A.D.3d 1165, 141 N.Y.S.3d 729 (3d Dept. 2021),
leave to appeal denied, 37 N.Y.3d 905 (NY 2021) ........................................5

People ex rel. Ferro v. Brann,
183 A.D.3d 758, 121 N.Y.S.3d 658 (2020).....................................................5

People ex rel. Figueroa v. Keyser,
193 A.D.3d 1148, 145 N.Y.S.3d 663 (3d Dept. 2021)....................................5

iv

<u>People ex rel. Kaplan v. Commissioner of Correction of City of N.Y.</u>,
60 N.Y.2d 648, 467 N.Y.S.2d 566 (NY 1983) ................................................ 5

STATUTES AND OTHER AUTHORITIES

18 U.S.C. § 3626 ....................................................................................... 18, 19

28 U.S.C. § 1291 ............................................................................................. 1

28 U.S.C. § 2241 ....................................................................................... 11, 12

28 U.S.C. § 2253 ............................................................................................. 1

28 U.S.C. § 2254 ................................................................................... *passim*

42 U.S.C. § 1983 ................................................................................... *passim*

NY CPLR § 7002 ............................................................................................. 5

NY CPLR § 7010 ............................................................................................. 5

Eighth Amend., U.S. Const. .................................................................. 5, 6, 12

## Statement of Subject Matter and Appellate Jurisdiction

This appeal is from a final Opinion and Order of the United States District Court for the Southern District of New York, which had jurisdiction pursuant to 28 U.S.C. § 2254. The Opinion and Order was entered on June 27, 2022, and a Notice of Appeal was timely filed on June 29, 2022, with an amended Notice of Appeal likewise timely filed on July 27, 2022, pursuant to the "prison mailbox" rule. See Houston v. Lack, 487 U.S. 266, 270 (1988). A Certificate of Appealability was granted by this Court on December 1, 2023.

This Court has jurisdiction of the appeal pursuant to 28 U.S.C. §§ 1291, 2253.

## Statement of Issue Presented for Review

This appeal focuses on one narrow issue as framed by this Court:

> Whether the District Court properly concluded that Appellant's request for release from prison, based on the alleged unconstitutional conditions of confinement, must proceed under 42 U.S.C. § 1983, and not habeas?

Appellant respectfully submits that the answer is, "No," and that based upon precedent, both within the Second Circuit and elsewhere, challenges to unconstitutional conditions of confinement may in fact be raised under 28 U.S.C. § 2254, as Appellant had attempted to do here.

## Statement of the Case

### A.    Preliminary Statement and Argument Summary

This case presents a question regarding the interpretation of two overlapping statutes, both of which create rights under Federal law for criminal defendants in State custody: 42 U.S.C. § 1983 and 28 U.S.C. § 2254.  This Court has recognized that District Courts appear split on whether conditions of confinement during the COVID-19 pandemic can form a basis for release under Section 1983 or Section 2254 and has granted a Certificate of Appealability to address this divide.  However, there should be no divide, nor court split, since the statutes are clearly intended for different purposes, and it is 28 U.S.C. § 2254 that permits defendants with the clearest avenue for seeking immediate *release*.

As will be discussed herein, 42 U.S.C. § 1983 was intended as a vehicle for State prisoners to seek monetary remuneration or injunctive relief in Federal court as a result of, <u>inter alia</u>, unconstitutional conditions of confinement, whereas 28 U.S.C. § 2254 was intended to provide State prisoners with a vehicle to challenge, <u>inter alia</u>, the existence or duration of their sentence on Constitutional grounds. Nowhere does either statute state that Section 1983 is the *only* means of addressing unconstitutional conditions of confinement, and indeed it is only Section 2254 that provides for release as a potential remedy.

Accordingly, and for the reasons that follow, this Court should hold that 28

U.S.C. § 2254 may be relied upon to challenge unconstitutional conditions of confinement when, as here, seeking the remedy of immediate release rather than monetary remuneration or injunctive relief.

### B.   **Statement of Facts**

On August 15, 1990, Petitioner-Appellant Angel Diaz (hereinafter, "Appellant" or "Diaz") was convicted after a jury trial in New York Supreme Court, Bronx County, of two counts of second-degree murder, two counts of first-degree robbery, and lesser related charges. <u>See</u> Opinion and Order, dated, June 27, 2022 at 2 (hereinafter cited as, "Opinion and Order") (A.17). He was sentenced to an aggregate prison term of 38 $^1/_3$ years to life, which he is currently serving as a prisoner in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Sullivan Correctional Facility, in Sullivan County, New York. <u>Id.</u>[1]

Diaz has been in DOCCS custody since September 5, 1990, and is eligible for parole and early release under New York State law as early as February 15, 2027. <u>See</u> NYS DOCCS, Find an Offender, Incarcerated Lookup (available at https://nysdoccslookup.doccs.ny.gov/). To date, Diaz has served over 33 ½ years' imprisonment of his 38-year 4-month to life sentence.

On July 4, 2020, Diaz filed a <u>pro se</u> petition for writ of habeas corpus in New

---

[1]    The Opinion and Order states that Diaz was sentenced in State court to 38 years imprisonment, however, his exact sentence was 38 years 4 months (<u>i.e.</u>, 38 $^1/_3$ years) to life.

York Supreme Court, Sullivan County, pursuant to NY CPLR Art. 70, seeking

release due to the COVID-19 pandemic.  See Petition for a Writ of Habeas Corpus,

People ex rel Diaz v. Keyser, available at 20 Cr. 5469 (NSR) (SDNY) (Doc. No. 26-

2), at 1-3 (arguing that he was at risk of contracting COVID-19, suffering severe

complications, and possibly death due to his pre-existing health conditions, and that

the warden and staff of Sullivan Correctional Facility were "deliberately

indifferent" to the "danger of death" and "serious medical needs for inmates,"

including his own).  The petition was denied without a hearing on August 26, 2020,

by the Hon. Stephan G. Schick, New York Supreme Court, Sullivan County,

reasoning:

> Petitioner brings this habeas corpus proceeding for release
> pursuant to the rights to due process and equal protection
> under both the State and Federal Constitutions.  Petitioner
> argues that, because of the condition of his health and the
> conditions and official response within Sullivan
> Correctional Facility, his continued detention is illegal and
> he is entitled to immediate release.  The People oppose
> and move to dismiss.
>
> These issues have been considered and reviewed by the
> Appellate Division, Third Department, in People ex rel.
> Carroll v Keyser[, 125 N.Y.S.3d 484 (3d Dept. 2020),]
> and found to be an insufficient basis for release. This
> decision is controlling on this Court.

Diaz v. Keyser, 20 Cv. 5469 (NSR) (SDNY) (Doc. No. 26-2), at 40.

Diaz appealed Judge Schick's decision to the New York State Appellate

Division, Third Department, which denied Diaz's appeal concluding:

We have reviewed the individual facts unique to petitioner's circumstances, i.e., regarding his age and physical condition. Upon consideration, we find that petitioner has failed to meet his burden of demonstrating that his detention at SCF was illegal or unconstitutional (see CPLR 7002[a]; 7010[a]; People ex rel. Carroll v Keyser, 184 AD3d at 192-193; People ex rel. Ferro v Brann, 183 AD3d 758, 758, 121 N.Y.S.3d 658 [NY 2020]). The basis of this determination is set forth in People ex rel. Figueroa v Keyser, [145 N.Y.S.3d 663 (3d Dept. 2021)] relative to both petitioner's Eighth Amendment claim and his substantive due process claim, and we adopt that analysis here. Petitioner's remaining claims have been examined and none establishes the illegality of his incarceration or his entitlement to immediate release (see People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391, 398, 516 N.E.2d 194, 521 N.Y.S.2d 657 [NY 1987]; People ex rel. Kaplan v Commissioner of Correction of City of N.Y., 60 NY2d 648, 649, 454 N.E.2d 1309, 467 N.Y.S.2d 566 [NY 1983]). Accordingly, we find that [the] Supreme Court properly denied the application.

People ex rel. Diaz v. Keyser, 193 A.D.3d 1165, 1166, 141 N.Y.S.3d 729, 729-30

(3d Dept. 2021), leave to appeal denied, 37 N.Y.3d 905 (NY 2021).

On July 3, 2020, initially simultaneous to the State proceedings, Diaz filed a

pro se petition in the Southern District of New York under 28 U.S.C. § 2254 (20 Cv.

5469 (NSR) (SDNY), Doc. No. 2).  See Report and Recommendation, dated,

February 17, 2022 (hereinafter cited as, "R&R"), at 3 n.4 (A.10).  The District Court

liberally construed his petition to seek "immediate release from prison, contending

that his continued incarceration during the COVID-19 pandemic constitutes cruel

and unusual punishment under the Eighth Amendment."  Opinion and Order at 3

(A.18).  Specifically, Diaz alleged that the warden of Sullivan Correctional Facility

"demonstrated 'deliberate indifference' in his response to COVID-19 due to the

ineffectiveness of the conditions of confinement at Sullivan [Correctional Facility]."

Id.

> The District Court summarized Diaz's Eighth Amendment claim as follows:

> > Petitioner alleges that Sullivan CF reported having 16
> > inmates infected with COVID-19 on May 20, 2020, and
> > 23 on June 16, 2020. Petitioner alleges that being
> > incarcerated at Sullivan CF places him at a significant risk
> > of danger due to his compromised immune system and
> > medical conditions of high blood pressure and morbid
> > obesity. He asserts that the conditions of incarceration at
> > Sullivan CF, the prohibition on wearing personal
> > protective equipment, the closeness of inmate cells, and
> > the fact that there is no way to enforce adequate social
> > distancing, all make it impossible to control the spread of
> > the virus.  He also asserts that "DOCCS has no plan to
> > protect medically vulnerable inmates, who are at a
> > heightened risk if they become infected" and that
> > "DOCCS' cleaning and disinfecting protocols are
> > inadequate and fall short of all the CDC guidelines and
> > recommendations, and not enough cleaning supplies are
> > made available." Petitioner alleges that his continued
> > detention at the facility puts him at a "very high risk" of
> > contracting the virus, suffering severe complications, and
> > perhaps even dying from it.

Opinion and Order at 2 (A.17).

On October 23, 2020, Appellee moved to dismiss the Petition in District

Court arguing that the claims were not cognizable under 28 U.S.C. § 2254, and

because Diaz failed to exhaust his state remedies.  Id. at 3 (A.18).  Diaz promptly

requested a stay of his Petition to provide him with time to exhaust his State remedies. A stay was granted by the District Court and ***Diaz fully exhausted his State remedies*** before the District Court thereafter lifted the stay so that the Federal proceedings could then resume free and clear of that procedural obstacle. Id.

Briefing on Diaz's 2254 petition was held before the Honorable Paul E. Davison, Magistrate Judge, who – although recognizing that courts were split on the issue – recommended that the Petition be denied, siding with the courts that had concluded that the claim was "not cognizable in habeas [i.e., 28 U.S.C. § 2254] and that it must instead be brought under 42 U.S.C. § 1983." R&R at 7 (A.14).

On February 23, 2022, and May 19, 2022, Diaz filed objections to the Magistrate Judge's Report and Recommendation. Thereafter, on June 27, 2022, the Honorable Nelson S. Román, United States District Judge for the Southern District of New York, adopted the Magistrate's R&R in its entirety, overruled Diaz's objections, and dismissed the petition on procedural grounds concluding that the claim could only be pursed under § 1983. See Opinion and Order at 9 (A.24).

Notably, neither the Magistrate Judge's Report and Recommendation, nor the District Judge's Opinion and Order addressed the merits of Diaz's claim, instead both concluding that the relief requested could only be sought pursuant to Section 1983, not Section 2254. See Opinion and Order at 6-9 (A.21-A.24); see also R&R at 5-7 (A.12-A.14). Judge Román also denied a Certificate of Appealability,

following the recommendation of Judge Davison.  <u>See</u> Opinion and Order at 9-10 (A.24-A.25); R&R at 7 (A.14).

On September 16, 2022, Diaz moved in this Court for a Certificate of Appealability (Doc. No. 12, herein), which he supplemented on July 15, 2023 (Doc. No 32, herein), and again on August 3, 2023 (Doc. No. 37, herein).

A Certificate of Appealability was granted by this Court on December 1, 2023, limited to the question, "Whether the District Court properly concluded that Appellant's request for release from prison, based on the alleged unconstitutional conditions of confinement, must proceed under 42 U.S.C. § 1983, and not habeas?"

## <u>Standard of Review</u>

This Court reviews <u>de novo</u> a District Court's decision to deny a petition for writ of habeas corpus under 28 U.S.C. § 2254.  <u>See</u> <u>Brown v. Artuz</u>, 283 F.3d 492, 497 (2d Cir. 2002), <u>citing</u>, <u>Clark v. Stinson</u>, 214 F.3d 315, 319 (2d Cir. 2000).  This appeal is not subject to the AEDPA's deferential standard of review since the District Court declined to rule on the merits of Diaz's petition and as such only the procedural question is presently before this Court.

## Argument

**TITLE 28, UNITED STATES CODE, SECTION 2254, MAY BE RELIED UPON TO CHALLENGE UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT WHEN, AS HERE, SEEKING THE REMEDY OF IMMEDIATE RELEASE RATHER THAN REMUNERATION OR INJUNCTIVE RELIEF; THE DISTRICT COURT ERRED BY HOLDING OTHERWISE.**

"Federal law opens two main avenues to relief on complaints related to State imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev Stat 1979, as amended, 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004). These statutes serve different purposes, as Section 2254 is generally relied upon to seek a prisoner's release whereas Section 1983 is generally relied upon to seek monetary remuneration or injunctive relief.

The Supreme Court has long held that "[c]hallenges to the validity of any confinement *or to particulars affecting its duration*, are the province of habeas corpus," Muhammad, 540 U.S. at 750, citing, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (emphasis added); "requests for relief turning on circumstances of confinement *may* be presented in a § 1983 action," Muhammad, 540 U.S. at 750 (emphasis added); and "[s]ome cases are hybrids". Id. While Diaz is complaining about his unconstitutional conditions (or circumstances) of confinement, the remedy

he seeks is immediate release, which can only be provided under 28 U.S.C. § 2254.
See Preiser, 411 U.S. at 483-85, 489-90, 499-500.

Notably, while Muhammad dealt with a different form of hybrid claim than arguably present here, when discussing the Heck rule, which applies to hybrid claims, the Court explained:

> In Heck v. Humphrey, 512 U.S. 477 [] (1994), we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction ***or duration of sentence, the litigate must first achieve favorable termination of his*** state, or ***federal habeas***, opportunities to challenge the underlying conviction or sentence. Accordingly, in Edwards v. Balisok, 520 U.S. 641 [] (1997), we applied Heck in the circumstances of a § 1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process, where the administrative action taken against the plaintiff could affect credits toward release based on good-time served. In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving the limitations on the availability of habeas remedies.

Muhammad, 540 U.S. at 751. Plainly, Muhammad, Heck, and Edwards, all support the conclusion that when § 1983 and § 2254 overlap, and that overlap relates to the existence or duration of the prisoner's sentence, including the prisoner's potential release, a favorable habeas claim – either instituted under State law or Federal law – must occur before a § 1983 action can even be litigated.

Thus, when weighing the overlapping interests of these two statutes it appears clear that Diaz was correct to first attempt to redress his claim through a Federal

habeas petition, i.e., 28 U.S.C. § 2254, not under the Civil Rights Act. This makes logical sense, since the decision on whether to grant monetary remuneration based upon, for example, unlawful confinement, must be predicated on there first being a determination that the prisoner should be, or should have been, released – a determination squarely within the purview of § 2254. Such a conclusion is not merely logical, but likewise flows from longstanding precedent.

Long prior to Muhammad, the Supreme Court held in Preiser that when a prisoner, as here, seeks *release* from challenging the "very fact or duration" of confinement, the prisoner's "sole federal remedy" is through a habeas petition. See Preiser, 411 U.S. at 500. Relying upon the plain text of the statute, the Supreme Court explained that under 28 U.S.C. § 2241(c)(3), "[t]he writ of habeas corpus shall not extend to a prisoner unless … [the prisoner] is in custody in violation of the Constitution," and under 28 U.S.C. § 2254(a) a court "*shall entertain* an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution* or laws or treaties of the United States." Preiser, 411 U.S. at 483, quoting, 28 U.S.C. § 2254(a) (emphasis added).

Although the Court has since noted in dicta, "[W]e leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement," Bell v. Wolfish, 441 U.S. 520, 526-27 n.6 (1979), taken

together, Sections 2241(c)(3) and 2254(a) make clear that the "essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser, 411 U.S. at 484; see also Preiser, 411 U.S. at 484-85 ("By the time the American Colonies achieved independence, the use of habeas corpus to secure release from unlawful physical confinement, ***whether judicially imposed or not***,[2] was thus an integral part of our common law heritage.") (emphasis added).

Importantly, the Supreme Court further held in Preiser that habeas is the "exclusive remedy" when an individual challenges the "fact or length of confinement." Preiser, 411 U.S. at 490. Indeed, as the Supreme Court explained in comparing the two statutes:

> In amending the habeas corpus laws in 1948, Congress clearly required exhaustion of adequate state remedies as a condition precedent to the invocation of federal judicial relief under those laws. It would wholly frustrate explicit congressional intent to hold that the respondents in the present case could evade this requirement by the simple expedient of putting a different label on their pleadings. In short, Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length [(i.e., the existence or duration)] of their confinement, and that specific determination must override the general terms of § 1983.

---

[2]     Here, Diaz argued below that the COVID-19 pandemic resulted in unlawful physical confinement in violation of, inter alia, the Eighth Amendment to the United States Constitution. See, generally, Pro Se 2254 Petition, dated, July 3, 2020 (20 Cv. 5469 (SDNY), Doc. No. 2). The basis for such unlawful confinement would therefore qualify as something "not" "judicially imposed" – that is to say the illegality is the unconstitutional confinement created by Sullivan Correctional Facility's inability to address the risks associated with the COVID-19 pandemic.

Preiser, 411 U.S. at 489-90.  Moreover, when an individual challenges "the very fact or duration of … physical imprisonment," and "the relief he seeks is … immediate release," "***the sole federal remedy*** is a writ of habeas corpus."  Preiser, 411 U.S. at 500 (emphasis added).

Moreover, since Preiser the Supreme Court has repeatedly held steadfast to the straightforward rule that § 1983 is intended for claims seeking remuneration or injunctive relief whereas § 2254 is intended for claims seeking ***release*** from custody.  See, e.g., Dep't of Homeland Sec. v. Thuraissigiam, 140 S.Ct. 1959, 1971-72 (2020) (habeas allows an individual to seek "release" and governs "release from restraint"), citing, Preiser, 411 U.S. at 484-85 & n.3-5; Hill v. McDonough, 546 U.S. 573, 579 (2006) ("Challenges to the validity of any confinement … are the province of habeas corpus."), quoting, Muhammad, 540 U.S. at 750; Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus relief (or appropriate state relief) instead."), quoting, Preiser, 411 U.S. at 489.

Other courts, following Preiser, have held that a petition seeking release on the grounds of unconstitutional health conditions must be brought under habeas. See Hope v. Warden York Cty. Prison, 972 F.3d 310, 323-25 (3d Cir. 2020) (discussing long line of Third Circuit cases reaching such conclusion); see also

Wilson v. Williams, 961 F.3d 829, 837-38 (6th Cir. 2020) ("Rather than arguing that there are particular procedures or safeguards that [the prison] should put in place to prevent the spread of COVID-19 throughout [the prison], petitioners contend that there are no conditions of confinement sufficient to prevent irreparable constitutional injury at [the prison]. They therefore seek release. Our precedent supports the conclusion that where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement.").

Numerous District Courts within the Second Circuit have reached the same conclusion. See Holloway v. Wolcott, Docket No. 20 Cv. 6329 (FPG), 2020 WL 3172772, at *2, 2020 U.S. Dist. LEXIS 103983 (WDNY June 15, 2020) (holding that claim must proceed under 28 U.S.C. § 2254, not 42 U.S.C. § 1983); Slater v. Keyser, Docket No. 20 Cv. 3012 (KPF), 2020 WL 4016759, at *3-*4 (SDNY July 16, 2020) (while stating that "it is an unresolved legal question whether a habeas petition is a proper vehicle to seek release from state custody due to challenges to prison conditions during the COVID-19 pandemic," the court "decline[d] to dismiss the Petition on these grounds" explaining that "Petitioner has a strong claim that § 2254 is a viable source of relief" because, "[a]lthough he only challenges his conditions of confinement rather than his conviction, Petitioner seeks 'immediate release[]' from state custody.") (brackets in original); Elleby v. Smith, Docket No.

20 Cv. 2935 (PAE), 2020 WL 2611921, at *2-*3 (SDNY May 22, 2020) (same); Tripathy v. Schneider, 473 F.Supp.3d 220, 226-28 (WDNY 2020) (denying a motion to dismiss because habeas applies to claims seeking "release from custody as [the] sole remedy for allegedly unconstitutional conditions of confinement"), citing, Preiser, 411 U.S. at 500; Llewellyn vv. Wolcott, Docket No. 20 Cv. 498 (JLS), 2020 WL 2525770, at *3-*4 (WDNY May 18, 2020) ("Llewellen is in state custody pursuant to a state judgment. He alleges that his continued custody at Orleans during the COVID-19 pandemic violates his rights under the … United States Constitution. In other words, Llewellyn claims that his continued custody in execution of his sentence violates his constitutional rights. As such, his petitions falls within the purview of Section 2254."); Carter v. Fields, Docket No. 19 Cv. 5364 (PKC), 2020 WL 5517241, *1 (EDNY Sept. 14, 2020) ("As an initial matter, the Court rejects Respondent's contention that Petitioner may not bring a habeas claim based on conditions of confinement and that he is limited to seeking relief pursuant to 42 U.S.C. § 1983.").

Notably, as the District Court observed in Holloway, "In Cook, the Second Circuit explained that "[a] state prisoner … *not only may*, *but* according to the terms of [S]section 2254, *must* bring a challenge to the execution of his or her sentence … under [S]ection 2254." Holloway, 2020 U.S. Dist. LEXIS 103983, at

*4 (emphasis added), citing, Cook v. N.Y. State Div. of Parole, 321 F.3d 274 (2d

Cir. 2003).  Further, as the District Court explained:

> Petitioner – a state prisoner – seeks immediate release
> from custody based on the conditions of his confinement.
> Although it appears that the Second Circuit has not
> explicitly considered the issue with respect to state
> prisoners, the Second Circuit has specified that conditions
> of confinement claims by federal prisoners relate to the
> execution of their sentences.  Thompson v. Choinski, 525
> F.3d 205, 209 (2d Cir. 2008) (noting that matters related
> to the execution of a federal sentence include … "prison
> *conditions*" …).  [See also Jiminian v. Nash, 245 F.3d
> 144, 146 (2d Cir. 2001) (concluding that § 2241
> challenges to the execution of a federal sentence include
> prison conditions).]  **"There is no reason to conclude
> differently in the context of a state prisoner's
> conditions-based claim under Section 2254."** Llewellyn
> v. Wolcott, No. 1:20-CV 0498, 2020 U.S. Dist. LEXIS
> 86828, 2020 2525770, at *3 n.6 (W.D.N.Y. May 18,
> 2020).  Because the Court determines that Petitioner
> challenges the execution of his state-imposed sentence, it
> follows that the Petition must be brought under Section
> 2254.  James [v. Walsh], 308 F.3d [162,] 167 [(2d Ci.
> 2002)].

Holloway, 2020 U.S. Dist. LEXIS 103983, at *4 (emphasis added); see Simpson v.

N.Y. State Dep't of Corr., Docket No. 20 Cv. 1363 (GLS) (TWD), Docket No. 20

Cv. 1363 (GLS) (TWD), 2020 U.S. Dist. LEXIS 216745, *4 (NDNY Nov. 19,

2020) (same); cf. Boudin v. Thomas, 732 F.2d 1107, 1111 (2d Cir. 1984)

("[H]abeas is the appropriate action to challenge conditions of confinement where

the prisoner seeks to be moved in order to remedy past constitutional violations.").

Appellant respectfully submits that under Preiser and its progeny, including notably

Muhammad, Diaz's petition, which challenged the existence and duration of his confinement and sought immediate release due to unconstitutional conditions of confinement, was properly brought under 28 U.S.C. § 2254. See Preiser, 411 U.S. at 499; Muhammad, 540 U.S. at 750.

Here, however, the District Court reached a contrary decision. The Magistrate Judge relied primarily on Acevedo v. Capra, 545 F.Supp.3d 107 (SDNY 2021), for the conclusion that that "a conditions of confinement claim … should be brought under § 1983." R&R at 6 (A.13), citing, Acevedo, supra, 2021 WL 3172772, at *5-*10; see also R&R at 6-7 (A.13-A.14) (discussing Acevedo and this Court's prior holding in Fielding v. LeFevre, 548 F.2d 1102 (2d Cir. 1977)). The District Court likewise followed Acevdeo, concluding that Diaz's focus on his conditions of convincement and failure to "challeng[e] the validity of [his] state conviction … is not cognizable in habeas and must be brought instead under § 1983." Opinion and Order at 7; see also id., citing, Acevedo, 545 F.Supp.3d at 118. Respectfully, both the Magistrate Judge and the District Judge here were wrong, as was the District Court in Acevedo.

In Acevedo the District Court heavily relied on this Court's holding in Fielding to conclude that "when a prisoner challenged the conditions of his confinement he must do so in an action under 42 U.S.C. § 1983." Acevedo, 545 F.Supp.3d at 118. The District Court's reading of Fielding, however, was

misplaced, as this Court's ruling in <u>Fielding</u> did not – indeed could not – overrule or abrogate the Supreme Court's holding in <u>Preiser</u>. Further, <u>Fielding</u> did not create a Circuit split regarding which statute prisoner claims seeking release must be relied upon. Contrary to the District Court's interpretation in <u>Acevedo</u>, in <u>Fielding</u>, this Court determined that the petitioner could not pursue habeas relief on evidentiary, not procedural, grounds. <u>See Fielding</u>, 548 F.2d at 1108 (rejecting argument that it would be "impossible to receive [the requested psychiatric] aid in jail" because "no proof [was] offered" to support such claim, and holding that "since we do not question that conduct like this can be prevented [<u>i.e.</u>, sexual assaults arising as retribution for Fielding's conviction as a "child sex offender'], the proper remedy … is not release, but a suit under 42 U.S.C. § 1983"), <u>citing</u>, <u>James v. Wallace</u>, 382 F.Supp. 1177 (M.D.Ala. 1974). Thus, <u>Fielding</u> did <u>not</u> hold that 28 U.S.C. § 2254 is categorically unavailable to those seeking release due to unconditional conditions of confinement, rather this Court held that the petitioner's "proof" failed on the merits to justify the claim under § 2254.

The District Court in <u>Acevedo</u> also failed to recognize that under the Prison Litigation Reform Act ("PLRA"), cited at n.8 of the court's opinion, <u>see Acevedo</u>, 545 F.Supp.3d at 113 n.8, a prisoner challenging conditions of confinement under § 1983 must first seek improvement of those conditions, <u>see</u> 18 U.S.C. § 3626(a)(3)(A)-(B), before that prisoner can seek a "prisoner release order" from a

three-judge District Court panel, <u>see</u> 18 U.S.C. § 3626(a)(3)(B); extra steps that make sense given that § 1983 is not generally intended as the means for seeking "release". <u>See also</u> <u>Wilson</u>, 961 F.3d at 838 (holding that the PLRA did not cover a claim seeking release from prison due to the threat of COVID-19 because "[t]he PLRA does not apply in habeas proceedings"). Indeed, Congress expressly recognized this legal reality as it barred individuals from seeking a "prisoner release order" under the PLRA when pursuing "habeas corpus proceedings challenging the *fact or duration of confinement* in prison." 18 U.S.C. § 3626(g)(2) ("the term 'civil action with respect to prison conditions' means any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, ***but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison***") (emphasis added).

While the District Court was correct in <u>Acevedo</u> to conclude that "Petitioners do not argue that their ***convictions*** were invalid in the first instance, or that they are being detained for a period of time longer than that to which they were sentenced. Nor would their constitutional claim, if successful, 'necessarily demonstrate[] the invalidity of the conviction,'" <u>Acevedo</u>, 545 F.Supp.3d at 114, <u>quoting</u>, <u>Heck</u>, 512 U.S. at 481-82, the inquiry, however, does not end there.

As previously discussed, in <u>Muhammad</u>, a progeny of <u>Preiser</u> decided in 2004 – 31 years after the Supreme Court's decision <u>Preiser</u> and 27 years after this Court's decision in <u>Fielding</u> – the Supreme Court specifically held that "[c]hallenges to the validity of any confinement *or to particulars affecting its duration*, are the province of habeas corpus," <u>Muhammad</u>, 540 U.S. at 750, <u>citing</u>, <u>Preiser</u>, 411 U.S. at 500. The Court further clarified that "requests for relief turning on circumstances of confinement *may"* – not must! – "be presented in a § 1983 action." <u>Muhammad</u>, 540 U.S. at 750 (emphasis added). Cases that are outside the "core" of habeas corpus are what the Court in <u>Muhammad</u> referred to as "hybrids." <u>Muhammad</u>, 540 U.S. at 750. But even hybrid claims rise and fall based upon the remedy that is sought. <u>Id.</u> at 751.

Contrary to the District Court's conclusion in <u>Acevedo</u>, the plain meaning of the relevant statutes require that Diaz, and other similarly situated State prisoners seeking release as their specific remedy, proceed under 28 U.S.C. § 2254, not 42 U.S.C. § 1983. <u>See</u> <u>Preiser</u>, 411 U.S. at 484; <u>see also</u> 28 U.S.C. § 2254(a) ("a district court *shall entertain* an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution*") (emphasis added).

Further, though we do not concede that the present case presents a "hybrid' claim, even if it did the result would be no difference since the relief sought is

immediate release.  See Muhammed, 540 U.S. at 750; Heck, 512 U.S. at 481; see also Amer v. Obama, 742 F.3d 1023 (D.C. Cir. 2014) (concluding that while the Supreme Court has not expressly resolved the issue in this specific context, the D.C. Cir. has firmly held that a person "in custody may challenge the conditions of his confinement in a petition for habeas corpus"); Wilson, 961 F.3d at 838 (6th Cir. holding, "Our precedent supports the conclusion that where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement."), citing, Adams v. Bradshaw, 644 F.3d 481, 483 (6th Cir. 2011).  As the Sixth Circuit further noted, "The Supreme Court has held that release from confinement—the remedy petitioners seek here—is "the heart of habeas corpus.'" Wilson, 961 F.3d at 838, quoting, Preiser, 411 U.S. at 498.

In Heck, Justice Scalia wrote succinctly when delivering the Supreme Court's opinion:

> Preiser v. Rodriguez, 411 U.S. 475 (1973), considered the potential overlap between these two provisions, and held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.

Heck, 512 U.S. at 481.  Therefore, arguing that conditions of confinement have deteriorated due to COVID-19 to an unconstitutional level *is* a challenge to the

"fact" of continued confinement, and a claim seeking "release" as the sole remedy *is* likewise a challenge to the "duration" of that same term of imprisonment. That the "fact" creating the unconstitutional violation was "not" "judicially imposed" does nothing to undermine the viability of "the use of habeas corpus to secure release." Preiser, 411 U.S. at 484-85.

Although the Supreme Court in Preiser never *directly* held that habeas controls the question at bar, see Preiser, 411 U.S. at 499 ("When a prisoner is put under additional and unconstitutional restrains during his lawful custody, it is arguable that habeas corpus will lie to remove the restrains making custody illegal."), Justice Brennan nonetheless explained in the majority opinion in Preiser:

> [W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.

Preiser, 411 U.S. at 500. What really could be clearer than that?

## Conclusion

Accordingly, based upon all of the reasons discussed herein, Petitioner-Appellant Angel Diaz, by and through counsel, respectfully submits that Appellant's request for "immediate release" from prison, based on the alleged unconstitutional conditions of confinement, must proceed, as he correctly attempted to do, under 28 U.S.C. § 2254. As such, this case should be remanded with the direction that the District Court consider Appellant's claims on the merits.

Dated:  New York, New York
        April 25, 2024

Respectfully submitted,

Michael K. Bachrach
*Attorneys for Defendant-Appellant*
*Angel Diaz*

## Certificate of Compliance with FRAP 32

It is hereby certified that the annexed opening brief on appeal of Petitioner-Appellant Angel Diaz is in compliance with Federal Rule of Appellate Procedure 32 and with the local rules of the Second Circuit. The brief was printed in 14-point proportional font and, including footnotes and headings, contains 5,552 words.

Dated: New York, New York
      April 25, 2024

/S/ Michael K. Bachrach
_____
Michael K. Bachrach