# 22-1678-pr

## United States Court of Appeals

*for the*

## Second Circuit

ANGEL DIAZ,

*Petitioner-Appellant,*

— v. —

STACIE BENNETT,

*Respondent-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## REPLY BRIEF FOR PETITIONER-APPELLANT

MICHAEL K. BACHRACH
LAW OFFICE OF MICHAEL K. BACHRACH
*Attorney for Petitioner-Appellant*
224 West 30th Street, Suite 302
New York, New York 10001
(212) 929-0592

CP COUNSEL PRESS   (800) 4-APPEAL • (335772)

# Table of Contents

Table of Authorities ................................................... ii

Preliminary Statement ...............................................1

Argument...............................................................1

Point I

THIS APPEAL IS NOT MOOT AND THEREFORE SHOULD NOT BE
DISMISSED .................................................................1

Point II

TITLE 28, UNITED STATES CODE, SECTION 2254, MAY BE
RELIED UPON TO CHALLENGE UNCONSTITUTIONAL
CONDITIONS OF CONFINEMENT WHEN, AS HERE, SEEKING
THE REMEDY OF IMMEDIATE RELEASE RATHER THAN
REMUNERATION OR INJUNCTIVE RELIEF; THE DISTRICT
COURT ERRED BY HOLDING OTHERWISE ..........................................6

Conclusion ...........................................................19

# Table of Authorities

CASES

Acevedo v. Capra,
545 F.Supp.3d 107 (SDNY 2021) ......................................................14, 15, 16

Boumedine v. Bush,
553 U.S. 723 (2008)...................................................................................11

Carter v. Fields,
Docket No. 19 Cv. 5364 (PKC),
2020 WL 5517241 (EDNY Sept. 14, 2020)................................................13

Cook v. N.Y. State Div. of Parole,
321 F.3d 274 (2d Cir. 2003) ........................................................................13

Edwards v. Balisok,
520 U.S. 641 (1997)......................................................................................8

Elleby v. Smith,
Docket No. 20 Cv. 2935 (PAE),
2020 WL 2611921 (SDNY May 22, 2020)..................................................12

Fielding v. LeFevre,
548 F.2d 1102 (2d Cir. 1977) ...........................................................14, 15, 16

Heck v. Humphrey,
512 U.S. 477 (1994)......................................................................................8

Holloway v. Wolcott,
Docket No. 20 Cv. 6329 (FPG),
2020 WL 3172772 (WDNY June 15, 2020) ......................................12, 13, 14

Hope v. Warden York Cty. Prison,
972 F.3d 310 (3d Cir. 2020) .............................................................10, 11, 12

James v. Wallace,
382 F.Supp. 1177 (M.D.Ala. 1974)...............................................................15

James v. Walsh,
308 F.3d 162 (2d Cir. 2002) .............................................................................14

Jiminian v. Nash,
245 F.3d 144 (2d Cir. 2001) .............................................................................14

Leonard v. Hammond,
804 F.2d 838 (4th Cir. 1986) ..............................................................................3

Lewis v. Continental Bank Corp.,
494 U.S. 472 (1990).............................................................................................2

Llewellyn v. Wolcott,
Docket No. 20 Cv. 498 (JLS),
2020 WL 2525770 (WDNY May 18, 2020) ..........................................13, 14

Muhammad v. Close,
540 U.S. 749 (2004)....................................................................8, 17, 18, 19

Preiser v. Rodriguez,
411 U.S. 475 (1973).................................................................................*passim*

Roe v. Wade,
410 U.S. 113 (1973).........................................................................................3, 5

Simpson v. N.Y. State Dep't of Corr.,
Docket No. 20 Cv. 1363 (GLS) (TWD), Docket No. 20 Cv. 1363
(GLS) (TWD), 2020 U.S. Dist. LEXIS 216745 (NDNY Nov. 19, 2020).....14

Slater v. Keyser,
Docket No. 20 Cv. 3012 (KPF),
2020 WL 4016759 (SDNY July 16, 2020)...................................................12

Spencer v. Kemna,
523 U.S. 1 (1998).........................................................................................2, 3

Thompson v. Choinski,
525 F.3d 205 (2d Cir. 2008) .......................................................................14

Tripathy v. Schneider,
473 F.Supp.3d 220 (WDNY 2020)..................................................12

United States v. Sanchez-Gomez,
584 U.S. 381 (2018).................................................................2

United States v. Juvenile Male,
564 U.S. 932 (2011)................................................................3

Wilson v. Williams,
961 F.3d 829 (6th Cir. 2020) .................................10, 11, 12, 16, 18

STATUTES AND OTHER AUTHORITIES

18 U.S.C. § 3626...................................................................16, 17

28 U.S.C. § 2241...................................................................11, 14

28 U.S.C. § 2254...................................................................*passim*

42 U.S.C. § 1983...................................................................*passim*

## Preliminary Statement

Petitioner-Appellant Angel Diaz, by and through counsel, submits this Reply Brief in further support of the instant appeal. For the reasons that follow, this appeal should not be dismissed as moot, and as such this Court should hold that a State prisoner seeking release from prison based upon alleged unconstitutional conditions of confinement may proceed under 28 U.S.C. § 2254.

## Argument

## Point I

## THIS APPEAL IS NOT MOOT AND THEREFORE SHOULD NOT BE DISMISSED

Appellee initially moved to dismiss this appeal as moot based upon the frivolous claim that the COVID-19 claim was "over". See Appellee's Motion to Dismiss, dated, June 11, 2024 (Doc. No. 78). This Court denied Appellee's motion to dismiss. See Order, dated, October 9, 2024 (Doc. No. 114). Now, in its Response Brief (Doc. No. 119), Appellee again attempts to evade adjudication of the question presented by arguing a new claim of mootness: that the recent closure of Sullivan CF and Diaz's transfer to Sing Sing CF, both of which occurred after Appellant's Opening Brief on Appeal was filed, moots Diaz's underlying habeas petition. Appellant acknowledges that Appellee's latest mootness claim, unlike its previous one, is not frivolous, although Appellee's present claim should still be rejected. See United States v. Sanchez-Gomez, 584 U.S. 381, 391 (2018).

As Appellee concedes in its Response Brief, an exception to the mootness doctrine exists when the issue presented is "capable of repetition, yet evading review." Gov't Resp. at 26, quoting, Sanchez-Gomez, 584 U.S. at 391. Just such a circumstance is present here, and this exception to the mootness doctrine allows this Court to finally adjudicate an issue that has evaded the Court's efforts for at least the past five years. Given the narrow issue upon which a certificate of appealability was granted – one tracking the legal threshold question only but not examining the merits of the underlying habeas petition – this case presents the perfect vehicle to determine whether a State defendant's request for release from prison, based on alleged unconstitutional conditions of confinement, *must* proceed under 42 U.S.C. § 1983, or *may* in fact proceed under 28 U.S.C. § 2254.

The "capable of repetition, yet evading review" exception to the mootness doctrine applies in cases like here where two preconditions are met: (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again. See Spencer v. Kemna, 523 U.S. 1, 17 (1998), citing, Lewis v. Continental Bank Corp., 494 U.S. 472, 481 (1990) (additional citations omitted); United States v. Juvenile Male, 564 U.S. 932, 938 (2011) (same, citing Spencer).

While the exception is narrow, it is designed to ensure that certain disputes, which are inherently short-lived, can still be reviewed by the courts. Without this exception, such cases would evade judicial review entirely, as they would become moot before the appellate process could be completed. This, of course, is exactly what is at risk here: the risk of death from COVID-19 to this high-risk State prisoner, with adjudication being potentially obfuscated only by his transfer to another facility. The risk to Diaz, however, remains; it is merely that the risk has shifted to his confinement in a different facility. Importantly, the need to adjudicate the issue remains too in order to ensure that "the same complaining party" will *not* be "subjected to the same [jurisdictional objection] again" when he resubmits and/or amends his petition in District Court to account for his prison transfer.

The most notable application of the "capable of repetition, yet evading review" exception occurred in <u>Roe v. Wade</u>, 410 U.S. 113, 125 (1973), where the length of a pregnancy is too short to allow for full adjudication before the pregnancy concludes, but this exception has also been applied to prisoner habeas petitions, such as this. For example, in <u>Leonard v. Hammond</u>, 804 F.2d 838 (4th Cir. 1986), the Fourth Circuit held that the exception applied because the prisoner faced a substantial risk of being held in civil contempt and incarcerated again without appointed counsel, meeting both prongs of the exception.

Indeed, in the context of prisoner habeas cases, like here, the exception to the mootness doctrine is particularly relevant. If a prisoner challenges a condition of confinement that is likely to recur but is inherently too short in duration to be fully litigated before it ceases, or, as is alleged to be the case here, the risk is so great that full litigation likewise will come too late to protect that inmate, an exception to the mootness doctrine is particularly appropriate to be applied. Moreover, the "capable of repetition, yet evading review" exception to the mootness doctrine ensures that important issues like this can be resolved even if the specific circumstances of the case change before the Court can issue a final ruling.

Here, we have the perfect example: a global health emergency the severity of which has waxed and waned with each new season. In the winters, like now, when people are more apt to stay indoors, cases of COVID-19 are on the rise, whereas in the summer when people are able to stay outside more, cases of COVID-19 decline. Moreover, while vaccines have been available over the past four years, with each new variant of COVID-19 the existing vaccines are less effective and science is constantly playing catchup, leaving inmates with significant medical preconditions like Diaz at perpetual risk of serious illness or death if they remain confined in close-quartered and over-crowded prisons like Sullivan CF, and also like Sing Sing CF.

While it is correct that by transferring Diaz from Sullivan CF to Sing Sing CF, the specific challenges he raised against the conditions of his confinement will lose on the underlying merits once the case returns to District Court, it is nonetheless reasonable to expect that given Diaz's health concerns he will seek to then file a new claim for release making similar allegations against Sing Sing CF. Creating precedent through this case to allow Diaz and others to know whether release due to unconstitutional conditions of confinement may be sought through 28 U.S.C. § 2254, rather than 42 U.S.C. § 1983, would benefit both Diaz and countless other inmates.

As discussed in <u>Roe</u> in the context of pregnancy, "If [childbirth] makes a case moot, pregnancy litigation seldom will survive much beyond the trial stage, and appellate review will be effectively denied." <u>Roe</u> 410 U.S. at 125. The same is true in the present context. If Diaz dies from COVID-19 because he is required to litigate anew the threshold statutory question, appellate review will once again be denied. "Our law should not be that rigid." <u>Roe</u> 410 U.S. at 125.

As the Court is aware, Section 2254 claims have fewer jurisdictional hurdles than Section 1983 claims, so there is a significant benefit both to Diaz and future petitioners to having a means of redress that is more likely to reach a full and complete litigation before this or future crises arise. Answering the question now

will eliminate Diaz's need to relitigate this threshold question of statutory interpretation prior to the filing of his request for release from Sing Sing CF.

It is also important to be mindful that this Court did ***not*** certify the narrow question of "whether the District Court properly concluded that Appellant's request for release from prison, ***based on COVID-19***, must proceed under 42 U.S.C. § 1983, and not habeas?" Instead, this Court certified the broader question applicable to ***"alleged unconstitutional conditions of confinement"*** that cannot properly be redressed in a form other than release. This Court has been seeking a vehicle to address the threshold question of statutory interpretation for at least five years, and reliance on the "capable of repetition, yet evading review" exception to the mootness doctrine will permit this Court to finally address the issue here.

### Point II

**TITLE 28, UNITED STATES CODE, SECTION 2254, MAY BE RELIED UPON TO CHALLENGE UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT WHEN, AS HERE, SEEKING THE REMEDY OF IMMEDIATE RELEASE RATHER THAN REMUNERATION OR INJUNCTIVE RELIEF; THE DISTRICT COURT ERRED BY HOLDING OTHERWISE**

Contrary to Appellee's claims, the governing rule here is simple and narrow: 28 U.S.C. § 2254 applies in the rare case, like here, where an incarcerated State prisoner alleges that: (1) unconstitutional conditions exist in prison; and (2) release is necessary to cure that violation. See 28 U.S.C. § 2254(a) (habeas is the exclusive

remedy when a petitioner alleges that he in "in custody in violation of the Constitution"); <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489-90, 500 (1973) (same as to challenges as to the "fact [<u>i.e.</u>, continuing existence] of his confinement"). While the issue arises here in the context of COVID-19, the question presented is relevant to any claim – however rare – challenging unconditional conditions of confinement where, as here, the only relief sought is release.

As discussed in Appellant's Opening Brief, 42 U.S.C. § 1983 was intended as a vehicle for State prisoners to seek monetary remuneration or injunctive relief in Federal court as a result of, <u>inter alia</u>, unconstitutional conditions of confinement, whereas 28 U.S.C. § 2254 was intended to provide State prisoners with a vehicle to challenge, <u>inter alia</u>, the existence or duration of their sentence on Constitutional grounds. Nowhere does either statute state that Section 1983 is the *only* means of addressing unconstitutional conditions of confinement, and indeed it is only Section 2254 that provides for release as a potential remedy. Appellant respectfully submits that this Court should hold what is clear on the face of the statute, that 28 U.S.C. § 2254 may be relied upon to challenge unconstitutional conditions of confinement when, as here, seeking the remedy of immediate release rather than monetary remuneration or injunctive relief.

The Supreme Court has long held that "[c]hallenges to the validity of any confinement ***or to particulars affecting its duration***, are the province of habeas

corpus," Muhammad v. Close, 540 U.S. 749, 750 (2004), citing, Preiser, 411 U.S. at

500 (emphasis added); "requests for relief turning on circumstances of confinement

*may* be presented in a § 1983 action," Muhammad, 540 U.S. at 750 (emphasis

added); and "[s]ome cases are hybrids". Id. Here, while Diaz is complaining about

his unconstitutional conditions (or circumstances) of confinement, the remedy he

seeks is immediate release, which can only be provided under 28 U.S.C. § 2254.

See Preiser, 411 U.S. at 483-85, 489-90, 499-500.

As discussed in Muhammad:

> In Heck v. Humphrey, 512 U.S. 477 [] (1994), we held
> that where success in a prisoner's § 1983 damages action
> would implicitly question the validity of conviction *or
> duration of sentence, the litigant must first achieve
> favorable termination of his* state, or *federal habeas*,
> opportunities to challenge the underlying conviction or
> sentence. Accordingly, in Edwards v. Balisok, 520 U.S.
> 641 [] (1997), we applied Heck in the circumstances of a §
> 1983 action claiming damages and equitable relief for a
> procedural defect in a prison's administrative process,
> where the administrative action taken against the plaintiff
> could affect credits toward release based on good-time
> served. In each instance, conditioning the right to bring a
> § 1983 action on a favorable result in state litigation or
> federal habeas served the practical objective of preserving
> the limitations on the availability of habeas remedies.

Muhammad, 540 U.S. at 751. Plainly, as discussed in Appellant's Opening Brief,

Muhammad, Heck, and Edwards, all support the conclusion that when Sections

1983 and 2254 overlap, and that overlap relates to the existence or duration of the

prisoner's sentence, including the prisoner's potential release, a favorable habeas

claim – either instituted under State law or Federal law – must occur before a Section 1983 action can even be litigated.

Thus, when weighing the overlapping interests of these two statutes it appears clear that Diaz was correct to first attempt to redress his claim through a Federal habeas petition, i.e., 28 U.S.C. § 2254, not under 42 U.S.C. § 1983, particularly since a request for immediate release due to unconstitutional conditions of confinement is an issue that requires prompt redress, which can only be reasonably ensured through the more immediate avenue of habeas relief.

Importantly, in Preiser the Supreme Court made clear that habeas is the "exclusive remedy" when an individual challenges the "fact or length of confinement." Preiser, 411 U.S. at 490. When, as here, a prisoner is seeking his immediate release, *it is both the fact and length* of continued confinement that he is challenging.

As the Supreme Court explained in comparing the two statutes:

> In amending the habeas corpus laws in 1948, Congress clearly required exhaustion of adequate state remedies as a condition precedent to the invocation of federal judicial relief under those laws. It would wholly frustrate explicit congressional intent to hold that the respondents in the present case could evade this requirement by the simple expedient of putting a different label on their pleadings. *In short, Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length [(i.e., the existence or duration)] of their confinement, and that specific determination must override the general terms of § 1983.*

Preiser, 411 U.S. at 489-90 (emphasis added).  Moreover, when an individual

challenges "the very fact or duration of … physical imprisonment," and "the relief

he seeks is … immediate release," "***the sole federal remedy*** is a writ of habeas

corpus." Preiser, 411 U.S. at 500 (emphasis added).

Appellee notes that the Circuits are split on the question present in the instant

appeal, but Appellant respectfully submits that Appellee's conclusion is misplaced

regarding which side of the Circuit split this Court should fall.  Like our closest

neighbor, the Third Circuit, this Court should hold that a petition seeking release on

the grounds of unconstitutional health conditions must be brought under habeas.

See Hope v. Warden York Cty. Prison, 972 F.3d 310, 323-25 (3d Cir. 2020)

(discussing long line of Third Circuit cases reaching such conclusion); see also

Wilson v. Williams, 961 F.3d 829, 837-38 (6th Cir. 2020) ("Rather than arguing

that there are particular procedures or safeguards that [the prison] should put in

place to prevent the spread of COVID-19 throughout [the prison], petitioners

contend that there are no conditions of confinement sufficient to prevent irreparable

constitutional injury at [the prison].  They therefore seek release.  ***Our precedent***

***supports the conclusion that where a petitioner claims that no set of conditions***

***would be constitutionally sufficient the claim should be construed as challenging***

***the fact or extent, rather than the conditions, of the confinement.***") (emphasis

added).

Appellee tries to distinguish the Third Circuit's decision in <u>Hope</u> and the Sixth Circuit's decision in <u>Wilson</u> on the ground that those decisions arise under 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254, but that is a distinction without a difference. Both statutes are habeas statutes and both pin habeas relief to those "in custody in violation of the Constitution." <u>Compare</u> 28 U.S.C. § 2241(c)(3) <u>with</u> 28 U.S.C. § 2254(a). There is simply no logical justification for allowing a Federal prisoner to seek habeas relief based upon a challenge to "conditions" of confinement while barring a State prisoner – making the identical constitutional claim – from seeking the same.

Moreover, Appellee's theory that habeas relief only applies when a prisoner challenges the conviction or length of sentence ignores other areas where habeas relief has long been guaranteed under 28 U.S.C. § 2241, such as executive detentions not based on a criminal conviction and, immigration-related detention. <u>See, e.g.</u>, <u>Boumedine v. Bush</u>, 553 U.S. 723 (2008). Appellee also ignores that challenging the length of a sentence includes a challenge to the continuing existence of whatever term of imprisonment remains, which is squarely within the "core" of the habeas statute. <u>See</u> <u>Preiser</u>, 411 U.S. at 489-90, 500; <u>see also</u> <u>Preiser</u>, 411 U.S. at 503 (Brennan, J., dissenting) ("In the Court's view, an action lying at the 'core of habeas corpus' is one that 'goes directly to the constitutionality of [the prisoner's] physical confinement itself and seeks either immediate release from that

confinement or the shortening of its duration.' With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy.").

As previously discussed in Appellant's Opening Brief, numerous District Courts within the Second Circuit have also reached the same conclusion as the Third Circuit did in Hope and the Sixth Circuit did in Wilson, so this Court would not be creating an anomaly to do the same. See Holloway v. Wolcott, Docket No. 20 Cv. 6329 (FPG), 2020 WL 3172772, at *2 (WDNY June 15, 2020) (holding that claim must proceed under 28 U.S.C. § 2254, not 42 U.S.C. § 1983); Slater v. Keyser, Docket No. 20 Cv. 3012 (KPF), 2020 WL 4016759, at *3-*4 (SDNY July 16, 2020) (while stating that "it is an unresolved legal question whether a habeas petition is a proper vehicle to seek release from state custody due to challenges to prison conditions during the COVID-19 pandemic," the court "decline[d] to dismiss the Petition on these grounds" explaining that "Petitioner has a strong claim that § 2254 is a viable source of relief" because, "[a]lthough he only challenges his conditions of confinement rather than his conviction, Petitioner seeks 'immediate release[]' from state custody.") (brackets in original); Elleby v. Smith, Docket No. 20 Cv. 2935 (PAE), 2020 WL 2611921, at *2-*3 (SDNY May 22, 2020) (same); Tripathy v. Schneider, 473 F.Supp.3d 220, 226-28 (WDNY 2020) (denying a motion to dismiss because habeas applies to claims seeking "release from custody as [the] sole remedy for allegedly unconstitutional conditions of confinement"),

citing, Preiser, 411 U.S. at 500; Llewellyn v. Wolcott, Docket No. 20 Cv. 498 (JLS), 2020 WL 2525770, at *3-*4 (WDNY May 18, 2020) ("Llewellen is in state custody pursuant to a state judgment. He alleges that his continued custody at Orleans during the COVID-19 pandemic violates his rights under the … United States Constitution. In other words, Llewellyn claims that his continued custody in execution of his sentence violates his constitutional rights. As such, his petitions falls within the purview of Section 2254."); Carter v. Fields, Docket No. 19 Cv. 5364 (PKC), 2020 WL 5517241, *1 (EDNY Sept. 14, 2020) ("As an initial matter, the Court rejects Respondent's contention that Petitioner may not bring a habeas claim based on conditions of confinement and that he is limited to seeking relief pursuant to 42 U.S.C. § 1983.").

As the District Court observed in Holloway, "In Cook, the Second Circuit explained that "[a] state prisoner … ***not only may***, ***but*** according to the terms of [S]section 2254, ***must*** bring a challenge to the execution of his or her sentence … under [S]ection 2254." Holloway, 2020 U.S. Dist. LEXIS 103983, at *4 (emphasis added), citing, Cook v. N.Y. State Div. of Parole, 321 F.3d 274 (2d Cir. 2003). Moreover:

> [T]he Second Circuit has specified that conditions of confinement claims by federal prisoners relate to the execution of their sentences. Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008) (noting that matters related to the execution of a federal sentence include … "prison *conditions*" …). [See also Jiminian v. Nash, 245 F.3d

144, 146 (2d Cir. 2001) (concluding that § 2241 challenges to the execution of a federal sentence include prison conditions).] **"There is no reason to conclude differently in the context of a state prisoner's conditions-based claim under Section 2254."** Llewellyn v. Wolcott, No. 1:20-CV 0498, 2020 U.S. Dist. LEXIS 86828, 2020 2525770, at *3 n.6 (W.D.N.Y. May 18, 2020). Because the Court determines that Petitioner challenges the execution of his state-imposed sentence, it follows that the Petition must be brought under Section 2254. James [v. Walsh], 308 F.3d [162,] 167 [(2d Cir. 2002)].

Holloway, 2020 U.S. Dist. LEXIS 103983, at *4 (emphasis added); see Simpson v. N.Y. State Dep't of Corr., Docket No. 20 Cv. 1363 (GLS) (TWD), Docket No. 20 Cv. 1363 (GLS) (TWD), 2020 U.S. Dist. LEXIS 216745, *4 (NDNY Nov. 19, 2020) (same).

Appellee argues that this Court should ignore *all* these cases and instead follow Acevedo v. Capra, 545 F.Supp.3d 107, 114-118 (SDNY 2021), which conveniently "held that an action complaining about the health risks of COVID to prisoners could only be brought under 42 U.S.C. § 1983." Gov't Resp. at 63. Appellee argues that "[t]he district court's decision in Acevedo is the only result consistent with Fielding [v. LeFevre, 548 F.2d 1102 (2d Cir. 1977)], governing Supreme Court decisions and congressional intent, and should be followed here." Gov't Resp. at 63. The problem for Appellee, however, is that Acevedo misread Fielding, just as Appellee is doing now, and, as discussed above, just as Appellee

has done in relation to the proper interpretation of <u>Preiser</u> and the other Supreme Court decisions addressing these issues.

In <u>Acevedo</u> the District Court heavily relied on this Court's holding in <u>Fielding</u> to conclude that "when a prisoner challenged the conditions of his confinement he must do so in an action under 42 U.S.C. § 1983." <u>Acevedo</u>, 545 F.Supp.3d at 118. The District Court's reading of <u>Fielding</u>, however, was misplaced, as this Court's ruling in <u>Fielding</u> did not – ***indeed could not*** – overrule or abrogate the Supreme Court's holding in <u>Preiser</u>. Further, contrary to the District Court's interpretation in <u>Acevedo</u>, in <u>Fielding</u>, this Court determined that the petitioner could not pursue habeas relief on evidentiary – ***not jurisdictional*** – grounds. See <u>Fielding</u>, 548 F.2d at 1108 (rejecting argument that it would be "impossible to receive [the requested psychiatric] aid in jail" because "no proof [was] offered" to support such claim, and holding that "since we do not question that conduct like this can be prevented [<u>i.e.</u>, sexual assaults arising as retribution for Fielding's conviction as a "child sex offender'], the proper remedy … is not release, but a suit under 42 U.S.C. § 1983"), <u>citing</u>, <u>James v. Wallace</u>, 382 F.Supp. 1177 (M.D.Ala. 1974). Thus, <u>Fielding</u> did ***not*** hold that 28 U.S.C. § 2254 is categorically unavailable to those seeking release due to unconditional conditions of confinement, rather this Court held that the petitioner's "proof" failed on the merits to justify the claim under § 2254.

Here, of course, the merits of Diaz's underlying claim have yet to be reached since the District Court dismissed on jurisdictional grounds following Acevedo's misapplication of Fielding. Thus, at present, this Court should not address the underlying merits since the District Court has yet to address them, but this Court should address the threshold jurisdictional question of whether Diaz's petition was properly raised through habeas, as Appellant submits was correctly done.

Turning to Appellee's discussion of legislative intent, Appellant notes that in forming Appellee's strained conclusions regarding Congress's purported intent, Appellee ignores that under the Prison Litigation Reform Act ("PLRA") a prisoner challenging conditions of confinement under 42 U.S.C. § 1983 **must first** seek improvement of those conditions, see 18 U.S.C. § 3626(a)(3)(A)-(B), before that prisoner can seek a "prisoner release order" from a three-judge District Court panel, see 18 U.S.C. § 3626(a)(3)(B); extra steps that make sense in the context of seeking to improve present conditions of confinement, but ***which have no relevance when seeking immediate release***. See also Wilson, 961 F.3d at 838 (holding that the PLRA did not cover a claim seeking release from prison due to the threat of COVID-19 because "[t]he PLRA does not apply in habeas proceedings"). Indeed, Appellee also wholly ignores that the PLRA expressly exempts "habeas corpus proceedings challenging the fact … of confinement in prison," 18 U.S.C. § 3626(g)(2), which is what Diaz's petition for release seeks as his sole redress.

Under Section 3626(g)(2), the PLRA defines its terms and explains that "the term 'civil action with respect to prison conditions' means any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, ***but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison***." 18 U.S.C. § 3626(g)(2) (emphasis added). Thus, State prisoners like Diaz cannot even pursue release under the PLRA based upon a challenge to the fact or existence of continuing confinement, see 18 U.S.C. § 3626(g)(2), but that is exactly what may be sought through habeas, see 28 U.S.C. § 2254(a).

As discussed in Muhammad, the Supreme Court specifically held that "[c]hallenges to the validity of any confinement ***or to particulars affecting its duration***, are the province of habeas corpus," Muhammad, 540 U.S. at 750, citing, Preiser, 411 U.S. at 500. The Supreme Court further clarified that "requests for relief turning on circumstances of confinement ***may***" – not must – "be presented in a § 1983 action." Muhammad, 540 U.S. at 750 (emphasis added). Appellee argues that this appeal presents a claim that is outside the "core" of habeas corpus, but Appellee is wrong. A challenge to the fact or continued existence of a sentence is squarely within the province of a habeas claim. As the Sixth Circuit noted, "The Supreme Court has held that release from confinement—the remedy petitioners seek

here—is 'the heart of habeas corpus.'" <u>Wilson</u>, 961 F.3d at 838, <u>quoting</u>, <u>Preiser</u>, 411 U.S. at 498. Second, even were this a "hybrid" claim, the claim itself would rise or fall based upon the remedy that was sought. <u>See</u> <u>Muhammad</u>, 540 U.S. at 751.

Thus, contrary to Appellee's claims, ***the remedy sought does matter***. Indeed, it is reasonable and highly appropriate to take into consideration the remedy sought when a petitioner, like Diaz here, argues that his place of confinement is incapable of making the changes necessary to safely imprison him. Assuming *arguendo* that Diaz is right, and that no change in conditions – not even a transfer to a different facility – could cure the risks associated with his continued imprisonment, the only appropriate vehicle to examine the merits of such a claim is habeas, which provides for the potential for release, and which challenges the "existence" itself of the continued imprisonment. <u>See</u> <u>Preiser</u>, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, ***his sole federal remedy is a writ of habeas corpus***.") (emphasis added).

All other arguments presented by Appellee are no more than a well-articulated sideshow. At the end of day, <u>Preiser</u> and <u>Mohammed</u> are clear, and this Court should hold that they control.

## **Conclusion**

Accordingly, based upon all of the reasons discussed above and previously had herein, Petitioner-Appellant Angel Diaz, by and through counsel, respectfully submits that Appellant's request for "immediate release" from prison, based on the alleged unconstitutional conditions of confinement, must proceed, as he correctly attempted to do, under 28 U.S.C. § 2254. As such, this case should be remanded with the direction that the District Court consider Appellant's claims on the merits.

Dated: New York, New York
        January 15, 2025

Respectfully submitted,

Michael K. Bachrach
*Attorneys for Defendant-Appellant*
*Angel Diaz*

## Certificate of Compliance with FRAP 32

It is hereby certified that the annexed opening brief on appeal of Petitioner-Appellant Angel Diaz is in compliance with Federal Rule of Appellate Procedure 32 and with the local rules of the Second Circuit. The brief was printed in 14-point proportional font and, including footnotes and headings, contains 4,502 words.

Dated: New York, New York
      January 15, 2025

/S/
_____
Michael K. Bachrach